```
                                     UNITED STATES DISTRICT COURT
                                     SOUTHERN DISTRICT OF FLORIDA

                                     CASE NO. 16-24735-Civ-GRAHAM
                                     MAGISTRATE JUDGE P.A. WHITE
GAYNETT POWELL,

     Plaintiff,

v.

ASS'T WARDEN HARRIS, et al.,

     Defendants.
_____/
```

REPORT OF MAGISTRATE JUDGE
RECOMMENDING DISMISSAL FOR FAILURE
TO COMPLY WITH COURT ORDERS

I.   Introduction and Background

Plaintiff, while confined at the South Florida Reception center, filed a pro se civil rights complaint (DE#1), pursuant to 42 U.S.C. §1983, against 33 named Defendants, arising from events occurring at numerous facilities in the State of Florida, including the South Florida Reception Center, Everglades Correctional Institution, Charlotte Correctional Institution, Martin Correctional Institution, and Dade Correctional Institution. However, he then also narrates about events occurring at Lake Correctional Institution.

This case has been referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive motions. See 28 U.S.C. §636(b)(1)(B),(C); Fed.R.Civ.P. 72(b), S.D.Fla. Local Rule 1(f) governing Magistrate Judges, and S.D. Fla. Admin. Order 2003-19.

After review of the initial complaint, an order was entered requiring an amended complaint, noting that there were a plethora

of defendants listed, and that the allegations as to each were confusing and unclear. (DE#7). The amended complaint was due on or before December 21, 2016. (Id.). Rather than comply with the court's order, the Plaintiff filed a motion seeking the recusal of the undersigned, which was denied by order entered on December 13, 2016. (DE#s9-10). Plaintiff next filed a motion for extension of time to file the amended complaint, which was granted in part and denied in part by order entered on January 3, 2017. (DE#s12-13). The court noted that the Plaintiff had not produced objective evidence demonstrating that he required his legal materials from his prior institution in order to file the amended complaint. (DE#13). However, the Plaintiff has given an extension to file the amended complaint to on or before February 3, 2017. (Id.). The Plaintiff was cautioned that the amended complaint should be signed and handed to prison authorities for mailing with sufficient time so that it reaches this court on or before the scheduled deadline. (Id.). The time for doing so has long passed, and plaintiff has failed to comply with this court's order regarding the time for filing his complaint. He has also not complied with this court's order of instructions (DE#6) which instructed Plaintiff that it was his duty to actively litigate this case, and the failure to do so may result in dismissal of this action.

## II.   Discussion

The Eleventh Circuit has commented that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009)(quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991)). Such authority includes the power to dismiss a case for failure to

prosecute or for failure to comply with a court order. Id. (*citing* Fed.R.Civ.P. 41(b)). See also Muhammad v. Bethel Muhammad, ___ F.3d ___, 2014 WL 1272473, *1 (11th Cir. Mar. 31, 2014)(unpublished)(citing Gratton v. Great Am. Commc'ns, 178 F.3d 1373, 1374 (11th Cir. 1999)); Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989); Link v. Wabash R. R., 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)(interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution); Hyler v. Reynolds Metal Co., 434 F.2d 1064, 1065 (5th Cir. 1970)("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute....").[1]

Despite this Court's express admonitions that failure to comply with the Court's orders could result in dismissal of the case, Plaintiff has failed to comply with this court's orders directing that he file a succinct, final amended complaint on the form provided. Accordingly, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, this case should be dismissed for Plaintiff's failure to comply with the Court's Orders, as well as, failure to properly litigate the instant case. It is apparent that Plaintiff has abandoned this case.

While dismissal of this action is clearly warranted, due to Plaintiff's pro se status, it would not be appropriate to dismiss the instant action with prejudice. The undersigned is, therefore, not recommending permanently barring Plaintiff from bringing a meritorious claim, simply recommending dismissing the case without prejudice. Therefore, dismissal without prejudice of this action is warranted. See Fed. R. Civ. P. 41(b); Equity Lifestyle Props, Inc. v. Fla. Mowing & Lanscape Serv., Inc., 556 F.3d 1232, 1241 (11th

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

3

Cir. 2009) (noting that "[a] district court need not tolerate defiance of reasonable orders"); see, e.g., Muhammad v. Bethel, 430 Fed. Appx. 750 (11th Cir. 2011) (affirming *sua sponte* dismissal of *pro se* litigant's Section 1983 suit for failing to comply with the district court's order to file double-spaced, concise, amended complaint following a warning that non-compliance with the order would result in dismissal); Niebla v. McNeil, 2008 WL 2477659 (N.D. Fla. June 17, 2008) (dismissing Section 2254 petition without prejudice after petitioner failed to comply with an order requiring an amended petition); Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. den'd, 493 U.S. 863 (1989); United States v. Johnson, 2012 WL 4039683 (N.D. Fla. 2012).

### III. Recommendations

Based upon the foregoing, it is recommended that this case be **DISMISSED WITHOUT PREJUDICE** for non-compliance with the Court's orders; and, in the alternative for lack of prosecution. It is also recommended that any other pending motion not specifically ruled upon be DISMISSED, as moot; and, this case be CLOSED.[2]

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar plaintiff from a *de novo* determination by the district judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district judge except upon grounds of plain error or manifest injustice. See 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790,794 (1989); LoConte v. Dugger, 847 F.2d 745

---

[2] Unless the Court specifies otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits. See Fed.R.Civ.P. 41(b).

(11th Cir. 1988); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

DONE AND ORDERED at Miami, Florida, this 22nd day of February, 2017.

                                        UNITED STATES MAGISTRATE JUDGE

cc:    Gaynett Powell, Pro Se
       DC#L07899
       Jefferson Correctional Institution
       Inmate Mail/Parcels
       1050 Big Joe Road
       Monticello, FL 32344