UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cv-24735-GAYLES/WHITE

**GAYNETT POWELL,**
    **Plaintiff,**

  v.

**JEREMY A. HARRIS, et al.,**
    **Defendants.**
_____/

## ORDER AFFIRMING AND ADOPTING REPORT OF MAGISTRATE JUDGE

**THIS CAUSE** comes before the Court on Magistrate Judge Patrick A. White's Report of Magistrate Judge Recommending Dismissal for Failure to Comply with Court Orders (the "Report") [ECF No. 14], entered on February 22, 2017. Plaintiff Gaynett Powell, who proceeds in this action *pro se*, filed a Complaint on November 14, 2016, against Jeremy A. Harris, Assistant Warden at South Florida Reception Center, and over thirty other Defendants—each of them a staff member at one of several named Florida correctional institutions—alleging claims, the Court presumes, pursuant to 42 U.S.C. § 1983. The matter was referred to Judge White for a ruling on all pretrial, nondispositive matters, and for a Report and Recommendation on any dispositive matters. [ECF No. 3].

The Plaintiff filed a motion for leave to proceed *in forma pauperis* [ECF No. 4], which Judge White granted on November 21, 2016 [ECF No. 5]. On that same day, Judge White entered an Order Requiring Amended Complaint [ECF No. 7], instructing the Plaintiff to file an amended complaint by December 21st, because the Complaint's allegations "are confusing and unclear" and because "it is unclear from his narrative what constitutional violations he is claiming, nor how these named parties and events are related so that the Plaintiff can proceed with them in one Complaint."

Rather than comply with Judge White's Order, the Plaintiff filed a motion seeking Judge White's recusal [ECF No. 9], which Judge White denied by Paperless Order on December 13th [ECF No. 10].

On December 28th, the Plaintiff filed a Motion for Extension of Time to Amend Complaint [ECF No. 13], which Judge White granted on January 3, 2017 [ECF No. 13]. In his Paperless Order, Judge White observed that the Plaintiff's allegations that his legal materials were being withheld (the Plaintiff's proffered reason for requesting an extension) were conclusory but nevertheless gave the Plaintiff until February 3rd to amend his Complaint.

After the Plaintiff failed to file an Amended Complaint, Judge White filed the Report on February 22, 2017. He recommends that the Plaintiff's Complaint be dismissed without prejudice for failure to comply with the Court's orders and, in the alternative, for lack of prosecution [ECF No. 14]. The Plaintiff filed Objections on March 15, 2017 [ECF No. 16], which the Court considers timely for purposes of this Order.[1]

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objection is made are accorded *de novo* review, if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). If no objections are filed, the district court need only review the report and recommendation for "clear error." *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam); *see also* Fed. R. Civ. P. 72 advisory committee's note.

The Court has undertaken the required *de novo* review of the Report, the Plaintiff's Objections, and the record in this case and finds the Plaintiff's Objections to be without merit. Substantively, they appear to be merely a confluence of allegations from the original Complaint and from

---

[1] The Plaintiff also filed two identical documents (both of which are substantively identical to the Objections) titled Motion for Reconsideration and Motion for Clarification and Brevity Explaining Confusion and Motion for Extension of Time [ECF Nos. 15 & 17].

the motion for extension of time. Any objections he raises to factual statements contained in the Report are objections to statements that have no bearing on the Report's ultimate conclusion—that his Complaint should be dismissed because he was ordered to file an amended complaint and he did not do so. As such, the Court agrees with the analysis and recommendations contained the Report. It is, therefore,

**ORDERED AND ADJUDGED** that the Report of Magistrate Judge Recommending Dismissal for Failure to Comply with Court Orders [ECF No. 14] is **AFFIRMED AND ADOPTED** and incorporated into this Order by reference.

The Plaintiff's Complaint [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE**.

This action is **CLOSED** and all other motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 15th day of March, 2017.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE